UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,  Case No. 3:18-cr-727

        Plaintiff,

   v.  MEMORANDUM OPINION
      AND ORDER

John M. Everson,

        Defendant.

## I. INTRODUCTION AND BACKGROUND

On December 12, 2018, Defendant John M. Everson was charged by indictment with four counts of tax evasion, in violation of 26 U.S.C. § 7201. (Doc. No. 1). Everson initially was represented by retained (and later appointed) counsel, but subsequently waived his right to be represented by counsel and he now is proceeding *pro se* with his previously appointed counsel continuing as stand-by counsel.

Everson moves to dismiss the indictment with prejudice, arguing this Court lacks personal jurisdiction over him and subject matter jurisdiction over the charges against him because, Everson alleges, the judicial power of the United States has not been vested in this Court. (Doc. No. 27); (*see also* Doc. No. 39). Everson is not the first federal criminal defendant to make these arguments nor, unfortunately, is he likely to be the last. But the fact that Everson's arguments are not novel does not make them are any less frivolous. For the reasons stated below, I deny his motion to dismiss.

## II. ANALYSIS

Article III of the Constitution of the United States provides that "[t]he judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." U.S. Const. Art. III, § 1. Congress has divided the State of Ohio into two judicial districts – the Northern and Southern Districts of Ohio – and each District into two divisions – the Eastern and Western Divisions. 28 U.S.C. § 115. Liberty Center, Ohio (where Everson is alleged to have lived at the time of the events giving rise to the charges against him), and Napoleon, Ohio (where Everson asserts he lives now), are both located in Henry County, Ohio, which falls within the Western Division of the Northern District of Ohio. 28 U.S.C. § 115(a)(2).

In each judicial district, whether in Ohio or another state, "[t]here shall be . . . a district court which shall be a court of record known as the United States District Court for the district." 28 U.S.C. § 132(a). "The term 'District Courts of the United States' . . . describes the constitutional courts created under article 3 of the Constitution." *Mookini v. United States*, 303 U.S. 201, 205 (1938).

In Everson's view, these statutes are insufficient to demonstrate the Northern District of Ohio, Western Division is a fully vested Article III court because:

> (a) the inclusion of Washington D.C. and Puerto Rico in the list of district courts in 28 U.S.C. § 81 through 131 prevents the conclusion "that the Congress expressly ordained and established the inferior courts listed therein with the judicial power of the United State[s] under Article III"; and

> (b) "The second required element of a judge for the exercise of the judicial power of the United States vested by Article III – that compensation shall not be diminished during their continuance in office – is not absolute but conditioned by 28 U.S.C. § 135 and § 461 upon the Congress expressly ordaining and establishing an inferior court under Article III as it has done for the United States District Court for the District of Hawaii and the International Court of Trade previously not vested with the judicial power of the United States under Article III."

(Doc. No. 27 at 5).

Neither of Everson's contentions have any merit.

2

The United States District Courts in both Washington, D.C., and Puerto Rico are unquestionably Article III courts. Nearly 90 years ago, in *O'Donoghue v. United States*, 289 U.S. 516 (1933), the Supreme Court reaffirmed that the courts of the District of Columbia are

> courts of the United States, vested generally with the same jurisdiction as that possessed by the inferior federal courts located elsewhere in respect of the case enumerated in section 2 of article 3. The provision of this section of the article is that the 'judicial Power shall extend' to the cases enumerated, and it logically follows that, where jurisdiction over these cases is conferred upon the courts of the District, the judicial power, since they are capable of receiving it, is, ipso facto, vested in such courts as inferior courts of the United States.

*Id.* at 545. *See also Nat'l Mut. Ins. Co. of Dist. of Col. v. Tidewater Transfer Co.*, 337 U.S. 582, 592 (1949) (same); *Examining Bd. of Engineers, Architects & Surveyors v. Flores de Otero*, 426 U.S. 572, 592-96 (1976) (recognizing Congress had established an Article III court in Puerto Rico). The fact that Washington, D.C., and Puerto Rico are not states has no relevance to Congress' ability to establish Article III courts in those locations, nor does it have any impact whatsoever on the Article III status of this Court.

Everson's second argument is equally baseless. "Each judge of a district court of the United States shall receive a salary at an annual rate determined under section 225 of the Federal Salary Act of 1967 (2 U.S.C. 351-361), as adjusted by section 461 of this title." 28 U.S.C. § 135. For its part, § 461 provides a mechanism for adjustments in salaries payable under the General Schedule and <u>explicitly</u> prohibits any adjustments which "would reduce the salary of any individual whose compensation may not, under section 1 of article III of the Constitution of the United States, be diminished during such individual's continuance in office." 28 U.S.C. § 461(b). *See also United States v. Will*, 449 U.S. 200 (1980) and *Beer v. United States*, 696 F.3d 1174 (Fed. Cir. 2012), *cert. denied*, 569 U.S. 948 (2013).

The protections of the Compensation Clause are not in any way conditioned upon Congress creating any new federal district courts. (*Cf.* Doc. No. 27 at 5). Everson's assertion that Title 28 is

3

somehow deficient and, therefore, there is a presumption that this Court was "created as a legislative court under Article 1, § 8, cl 9," has no legal basis. (*See* Doc. No. 27 at 6).

Everson also contends this Court lacks subject matter jurisdiction over the charges against him. He argues (a) 18 U.S.C. § 3231[1] does not convey jurisdiction because it originated from statutes dealing with bank robbery and related crimes and (b) the federal district courts do not have subject matter jurisdiction over criminal tax offenses. (Doc. No. 39 at 6-7). Everson's arguments again lack merit. The plain language of § 3231 grants subject matter jurisdiction to the federal district courts over "<u>all offenses</u> against the laws of the United States." 28 U.S.C. § 3231 (emphasis added). Further, the United States Courts of Appeal have universally held § 3231 provides district courts with jurisdiction to try defendants charged with federal tax crimes. *See, e.g., United States v. Drefke*, 707 F.2d 978, 981 (8th Cir. 1983); *United States v. Isenhower*, 754 F.2d 489 (3rd Cir. 1985).

The Tenth Circuit, as quoted by the Sixth Circuit, makes the point perhaps most clearly:

> Efforts to argue that federal jurisdiction does not encompass prosecutions for federal tax evasion have been rejected as either "silly" or "frivolous" by a myriad of courts throughout the nation. In the face of this uniform authority, it defies credulity to argue that the district court lacked jurisdiction to adjudicate the government's case against defendant.

*United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) (quoting *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990)).

Finally, Everson objects to my Order denying his motion to vacate the September 27, 2021 hearing, asserting I may be liable to him for money damages because I purportedly acted without jurisdiction. (Doc. No. 36 at 6-7). He also objects to the use of the name the "United States of America," rather than simply the "United States," and to the notice of appearance filed by an Assistant United States Attorney. (Doc. No. 41).

---

[1] "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."

Everson's arguments in support of these objections do not bear repeating here. He provides no citation to any case in which a court has accepted similar arguments. This is because there are no such cases from the District Courts in the 94 judicial districts, from the 13 Circuit Courts of Appeal, or from the United States Supreme Court. I overrule his objections.

### III. CONCLUSION

Everson's flailing attempts to undermine the legitimacy of this Court and the constitutionality of the prosecution against him are frivolous. Therefore, and for the reasons set forth above, I deny his motion to dismiss and overrule his objections. (Doc. Nos. 27, 36, and 41).

Mr. Everson is reminded that it is this Court that properly rules on jurisdictional arguments, and he will not be permitted to submit arguments like these to a jury should the case proceed to trial.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge