UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                   Case No. 3:18-cr-727

         Plaintiff,

     v.                                             MEMORANDUM OPINION
                                                            AND ORDER

John M. Everson,

         Defendant.

### I. INTRODUCTION AND BACKGROUND

On December 12, 2018, Defendant John M. Everson was charged by indictment with four counts of tax evasion, in violation of 26 U.S.C. § 7201. (Doc. No. 1). Everson previously moved to dismiss the indictment with prejudice, arguing this Court lacked personal jurisdiction over him and subject matter jurisdiction over the charges against him because, Everson alleged, the judicial power of the United States has not been vested in this Court. (Doc. No. 27); (*see also* Doc. No. 39). I denied his motion to dismiss. (Doc. No. 43).

Everson then filed a document titled "Objection and Exception to Void Orders and Demand." (Doc. No. 46). While he does not describe it as such, this document essentially is a motion for reconsideration. For the reasons stated below, I deny the motion.

### II. DISCUSSION

While the Federal Rules of Criminal Procedure do not contemplate motions for reconsideration, courts "adjudicating such motions in criminal cases typically evaluate such motions

under the same standards applicable to a civil motion to alter or amend judgment" filed pursuant to Federal Rule of Civil Procedure 59(e)." *United States v. Stamper*, No. 1:15CR109, 2018 WL 1241575, at *6 (S.D. Ohio Mar. 9, 2018) (citations omitted). "Under Rule 59, a court may alter the judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). These motions are not designed to give an unhappy litigant an opportunity to relitigate matters already decided; nor are they a substitute for appeal. *Dana Corp. v. United States*, 764 F. Supp. 482, 488-89 (N.D. Ohio 1991).

Everson argues I breached my "duty as bound by [my] constitutional oath of office to faithfully and impartially discharge and perform all duties incumbent upon [me] under [the] Constitution for the United States of America . . . [by failing] to end these sham proceedings for absence of fact on the record to establish jurisdiction of this court." (Doc. No. 46 at 2). While Everson makes a variety of arguments through his 28-page brief (many of which he included in his initial round of briefing), those arguments boil down to the same point – that I incorrectly concluded that the United States District Court for the Northern District of Ohio, Western Division is a properly and constitutionally established Article III court. (*See id.* at 6).

I already have concluded Everson's arguments lack any legal basis. (*See* Doc. No. 43). His disagreement with my decision is not an appropriate basis for reconsideration.

### III.    CONCLUSION

For the reasons set forth above, I deny Everson's objection and motion for reconsideration. (Doc. No. 46).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

2