UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,   Case No. 3:18-cr-727

    Plaintiff,

v.   ORDER

John M. Everson,

    Defendant.

## I. MOTION FOR CLARIFICATION

On February 18, 2022, I held a pretrial conference with Defendant John M. Everson, stand-by counsel for Everson, and counsel for the government. After discussing the matter with the parties, I set a pretrial motion deadline of June 1, 2022, with response briefs due on June 16, 2022, and reply briefs due June 30, 2022. (*See* non-document entry dated February 18, 2022).

A few days later, Everson filed a motion for a bill of particulars. (Doc. No. 51). The government filed a motion for clarification of my February 18 order, seeking confirmation that it may respond to Everson's motion, as well as any other motions filed prior to June 1, by way of an omnibus response filed no later than June 16, 2022. (Doc. No. 52 at 2).

Everson opposes the government's motion, arguing allowing the government to file an omnibus response would "deny [him] the time to structure and mount an adequate defense to the accusations." (Doc. No. 54 at 4). Everson did not raise this objection during the February 18 pretrial conference, and he does not explain how he will lack sufficient time to prepare his defense

when there are three full months between the reply deadline of June 30 and the October 4, 2022 trial date. I previously ordered that the government could organize its responses to all of Everson's pretrial motions into one filing due on June 16, 2022, and Everson has not presented a sufficient reason to deviate from that schedule.

Everson also re-offers his challenges to this Court's jurisdiction to hear the charges against him. (Doc. No. 54 at 1-4, 6-9). This issue, contrary to Everson's belief, is not "unsettled." (*Id.* at 6). I already have ruled Everson's jurisdiction-related arguments are frivolous. (Doc. No. 43).

For these reasons, I grant the government's motion and confirm it may file one omnibus response on June 16, 2022, and is not required to respond to Everson's pretrial motions prior to that date, unless expressly ordered to do so. (Doc. No. 52).

## II.   MOTION TO COMPEL DISCOVERY

Everson has filed a motion to compel discovery, arguing he needs certain requested information "upon [the] assumption that Judge Helmick will allow this case to go to trial on jurisdiction procured by fraud . . . ." (Doc. No. 56 at 1).

The government declined to comply with the following requests Everson made for documents and information:

- Provide the statute-at-large reference expressly vesting this federal court with the judicial power of the United States under Article III of the Constitution for the United States of America.

- Provide a certified copy of the written delegation(s) of authority from Congress down through and including the attorneys of record to commence this instant case to run judicial process in the name "United States of America."

- Provide a copy of the document(s) containing the facts upon which a charge under 26 U.S.C. § 7201 may be prosecuted under the authority of the United States not within the subject matter delegated under the Constitution for the United States of America for Congress to punish.

- Provide a certified copy from the Secretary of Treasury's System of Records containing the material facts establishing the legislative jurisdiction of Congress over

    me as a man and one of the People, my property, or any activity in which I engaged for the levy of a tax on any accession to my wealth.

- Provide a certified copy from the Secretary of Treasury's System of Records containing the specific and applicable revenue law that subjected me as a man and one of the People to a federal tax.

- Provide a certified copy from the Secretary of Treasury's System of Records containing the specific and applicable revenue law that imposed a duty upon me as a man and one of the People to return a federal tax.

- Provide a copy of the financial transaction records relating to the creation of a bond or security on this case having a CUSIP number 31618H465 and traded in the Fidelity Advisor International Growth Fund.

(Doc. No. 56 at 7-12).

Everson's first six requests revolve around his jurisdiction-related arguments. I already have ruled those arguments are frivolous. (Doc. Nos. 43 and 57). Moreover, he cannot show he is entitled to any discovery related to these issues because jurisdiction is a legal matter determined by the Court, and Everson will not be permitted to raise any jurisdiction-related arguments at trial.

Everson's final request is based upon a document he claims to have received from "Realnet Marketing CUSIP Search" which he claims proves that this case is being "traded on the financial market." (Doc. No. 46-3 at 2); (*see also* Doc. No. 46-2). It is not. Court cases are not monetized or traded on the stock market.

Everson's motion to compel discovery, (Doc. No. 56), is denied.

So Ordered.

                                                  s/ Jeffrey J. Helmick
                                                  United States District Judge