UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,            Case No. 3:18-cr-727

        Plaintiff,

v.            MEMORANDUM OPINION
           AND ORDER

John M. Everson,

        Defendant.

## I.    INTRODUCTION AND BACKGROUND

On December 12, 2018, Defendant John M. Everson was charged by indictment with four counts of tax evasion, in violation of 26 U.S.C. § 7201. (Doc. No. 1). Everson initially was represented by retained counsel, but later discharged his counsel and was appointed counsel, upon his request. But he subsequently waived his right to be represented by counsel and he now is proceeding *pro se* with his previously appointed counsel continuing as stand-by counsel.

I previously denied Everson's motion to dismiss the Indictment based upon an alleged lack of personal and subject matter jurisdiction. (*See* Doc. No. 43). He has filed a second motion to dismiss, reiterating his jurisdictional arguments and also arguing the indictment against him is deficient in several respects. (Doc. No. 45). The government filed a brief in opposition, (Doc. No. 47), and Everson filed a brief in reply. (Doc. No. 48). For the reasons stated below, I deny his motion to dismiss.

## II. ANALYSIS

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charge[,] . . . may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means[,] and must give the official or customary citation of the statute . . . the defendant is alleged to have violated." Fed. R. Crim. P. 7(c)(1). An indictment satisfies the requirements of the Fifth and Sixth Amendments to the United States Constitution "'if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Maney*, 226 F.3d 660, 663 (6th Cir. 2000) (quoting *Hamling v. United States,* 418 U.S. 87, 117 (1974)).

"[T]o prove income tax evasion under 26 U.S.C. § 7201, the Government must establish: (1) willfulness, (2) the existence of a tax deficiency, and (3) an affirmative act by the defendant constituting evasion." *United States v. Middleton*, 246 F.3d 825, 842 (6th Cir. 2001) (citation omitted). The Indictment charges Everson with "willfully attempt[ing] to evade and defeat income tax due and owing by him to the United States of America" for the calendar years of 2012, 2013, 2014, and 2015. (Doc. No. 1 at 1-4). It further alleges Everson's willful actions – consisting at least in part of the use of sham trusts, which he controlled, to avoid paying income tax he owed to the federal government – violated § 7201. (*Id.*). The Indictment addresses each of the three required elements and is sufficient both to fairly inform Everson of the charges against him and to enable him to plead an acquittal or conviction in any future prosecution for the same offense.

Everson offers a variety of attacks against the Indictment, none of which have merit. First, he complains the Indictment does not cite to the statutes which require him to pay tax or file a tax return. (Doc. No. 45 at 4-5). Neither of these things is required; the absence of these citations does

2

not prevent Everson from knowing the nature of the accusations against him. *See, e.g., Middleton*, 246 F.3d at 842 (rejecting defendant's argument that an indictment had to include "an identification of 'the statute that makes an individual liable for an income tax' and an identification of 'the statute that requires an individual to pay the income tax for which he is liable'").

Next, Everson claims the Indictment does not allege he is a "person" as defined by 26 U.S.C. § 7343. (Doc. No. 45 at 5). That section states: "The term 'person' as used in this chapter <u>includes</u> an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs." 26 U.S.C. § 7343 (emphasis added). The fact that an individual such as Everson is a "person" within the ordinary meaning of that word is universally accepted. Section 7201 plainly prohibits "[a]ny person" from willfully attempting to evade or defeat any income tax owed pursuant to Title 26. 26 U.S.C. § 7201. Everson's argument to the contrary lacks merit.

Everson also argues the Indictment fails to allege he knew he had to pay income tax directly to the federal government. (Doc. No. 45 at 5). Everson offers no reason to think Congress intended to create an exception in § 7201 to the "traditional rule that ignorance of the law is no excuse" for violating the law. *Bryan v. United States*, 524 U.S. 184, 196 (1998). Therefore, there is no requirement that the Indictment specifically allege Everson knew he had to pay federal income tax.

Finally, I have twice rejected Everson's jurisdictional arguments as meritless. (Doc. Nos. 43 and 57). They do not warrant any further discussion.

### III. CONCLUSION

For the reasons set forth above, I deny Everson's motion to dismiss. (Doc. No. 45).

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge

3