UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                   Case No. 3:18-cr-727

        Plaintiff,

   v.                                            MEMORANDUM OPINION
                                                     AND ORDER

John M. Everson,

        Defendant.

## I. INTRODUCTION AND BACKGROUND

"Under our system of federal income taxation[,] . . . every element of gross income of a person, corporate or individual, is subject to tax unless there is a statute or some rule of law that exempts that person or element." *HCSC-Laundry v. United States*, 450 U.S. 1, 5 (1981). Defendant John M. Everson seeks to carry on from the exact opposite position – that his income is not taxable until the government first proves to his satisfaction that it, in fact, is taxable. (*See, e.g.,* Doc. No. 63 at 3-4 (arguing the indictment must be dismissed because "the IRS failed to rebut . . . my claim of non-duty" to pay taxes)). Everson's argument finds no support in the law and, therefore, I deny his third motion to dismiss. (*Id.*). I also deny Everson's notice/demand for a bill of particulars. (Doc. No. 51).

## II. ANALYSIS

### A. BILL OF PARTICULARS

Everson has been charged by indictment with four counts of tax evasion, in violation of 26 U.S.C. § 7201. (Doc. No. 1). He filed a demand for an answer to a bill of particulars. (Doc. No. 51). "A bill of particulars is meant to be used as a tool to minimize surprise and assist [the] defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993) (citations omitted).

Everson seeks to require the government to answer certain questions about the legal capacities of the parties and the source of his duty to pay income tax, which stem from his contrarian theories on the legality of federal tax. (Doc. No. 51). For instance, Everson asks whether the government has charged him as a "man," a "legal entity," or a "man in conduct of Office." (*Id.* at 2). He also asks which sections of the Internal Revenue Code subject him to a tax and to a duty to pay that tax. (*See id.* at 3-4).

Those arguments may sound familiar to readers who have been following the motion practice in this case, as I have rejected them already in ruling on one of Everson's earlier motions to dismiss:

> An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charge[,] . . . may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means[,] and must give the official or customary citation of the statute . . . the defendant is alleged to have violated." Fed. R. Crim. P. 7(c)(1). An indictment satisfies the requirements of the Fifth and Sixth Amendments to the United States Constitution "'if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Maney*, 226 F.3d 660, 663 (6th Cir. 2000) (quoting *Hamling v. United States,* 418 U.S. 87, 117 (1974)).
>
> "[T]o prove income tax evasion under 26 U.S.C. § 7201, the Government must establish: (1) willfulness, (2) the existence of a tax deficiency, and (3) an affirmative

2

> act by the defendant constituting evasion." *United States v. Middleton*, 246 F.3d 825, 842 (6th Cir. 2001) (citation omitted). The Indictment charges Everson with "willfully attempt[ing] to evade and defeat income tax due and owing by him to the United States of America" for the calendar years of 2012, 2013, 2014, and 2015. (Doc. No. 1 at 1-4). It further alleges Everson's willful actions – consisting at least in part of the use of sham trusts, which he controlled, to avoid paying income tax he owed to the federal government – violated § 7201. (*Id.*). The Indictment addresses each of the three required elements and is sufficient both to fairly inform Everson of the charges against him and to enable him to plead an acquittal or conviction in any future prosecution for the same offense.
>
> Everson offers a variety of attacks against the Indictment, none of which have merit. First, he complains the Indictment does not cite to the statutes which require him to pay tax or file a tax return. (Doc. No. 45 at 4-5). Neither of these things is required; the absence of these citations does not prevent Everson from knowing the nature of the accusations against him. *See, e.g., Middleton*, 246 F.3d at 842 (rejecting defendant's argument that an indictment had to include "an identification of 'the statute that makes an individual liable for an income tax' and an identification of 'the statute that requires an individual to pay the income tax for which he is liable'").
>
> Next, Everson claims the Indictment does not allege he is a "person" as defined by 26 U.S.C. § 7343. (Doc. No. 45 at 5). That section states: "The term 'person' as used in this chapter <u>includes</u> an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs." 26 U.S.C. § 7343 (emphasis added). The fact that an individual such as Everson is a "person" within the ordinary meaning of that word is universally accepted. Section 7201 plainly prohibits "[a]ny person" from willfully attempting to evade or defeat any income tax owed pursuant to Title 26. 26 U.S.C. § 7201. Everson's argument to the contrary lacks merit.

(Doc. No. 62 at 2-3).

Further, Everson has not rebutted the government's representation that it has provided sufficient information in discovery to permit Everson to defend himself at trial. (*See* Doc. No. 64 at 4-5). Everson fails to show the answers he demands are necessary to inform him "of the nature of the charge against him with sufficient precision to enable him to prepare for trial, [or] to avoid or minimize the danger of surprise at the time of trial . . . ." *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976). Therefore, he is not entitled to a bill of particulars.

3

### B. THIRD MOTION TO DISMISS

Everson again moves to dismiss the indictment, this time arguing the government violated his due process rights when it did not present to the grand jury what Everson describes as "substantial exculpatory evidence material to the Indictment." (Doc. No. 63 at 1). He also argues the charges against him should be dismissed based upon "the common law doctrine of estoppel." (*Id.*). Neither argument has merit.

As an initial matter, the Fifth Amendment does not require the prosecution to "disclose substantial exculpatory evidence in his possession to the grand jury." *United States v. Williams*, 504 U.S. 36, 45 (1992). *See also United States v. Angel*, 355 F.3d 462, 475 (6th Cir. 2004) ("The government . . . has no judicially enforceable duty to provide a grand jury with exculpatory evidence." (citing *Williams,* 504 U.S. at 47)).

Next, the documents Everson argues should have been offered are not exculpatory. Instead, those documents contain Everson's legal arguments in support of his belief that he is not required to pay federal income taxes. (*See* Doc. No. 63 at 13-18). In particular, Everson claims there is such ambiguity about the source and nature of the duty to pay income tax that to require him to file a tax return and pay income tax would violate his due process rights. (*Id.* at 14).

But a taxpayer's belief "that the income tax law is unconstitutional as applied to him and thus could not legally impose any duty upon him of which he should have been aware . . . [is not] objectively reasonable . . . ." *Cheek v. United States*, 498 U.S. 192, 204-05 (1991). Not only did the government have no duty to present Everson's legal theories on the constitutionality of federal tax law to the grand jury, but Everson also will not be permitted to offer those theories at trial. *Id.* at 206 ("[A] defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness and need not be heard by the jury, and, if they are, an instruction to disregard them would be proper.").

4

Moreover, the failure of the I.R.S. to respond to Everson's demand for a signed affidavit explaining, "with great specificity[1]," the errors in Everson's legal theories does not estop the government from prosecuting Everson for tax evasion. Federal law provides "mechanisms" for Everson to "present his claims of invalidity to the courts . . . ." *Cheek*, 498 U.S. at 206. Everson sought to side-step those statutory procedures and to create his own non-statutory procedure. Put simply, this is not the way the law works. Everson's attempts were unsuccessful and his motion to dismiss based upon those failed attempts is denied.

### III.  CONCLUSION

For the reasons set forth above, I deny Everson's demand for an answer to a bill of particulars, (Doc. No. 51), and his third motion to dismiss. (Doc. No. 63).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

---

[1]  (Doc. No. 63 at 17-18).