IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 3:18CR727 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JEFFREY J. HELMICK |
| v. | ) | |
| | ) | |
| JOHN EVERSON, | ) | GOVERNMENT'S TRIAL BRIEF |
| | ) | |
| Defendant. | ) | |

The United States of America, by the undersigned, hereby submits the following brief to address evidentiary and other issues that may arise at the trial of the above- captioned matter. Defendant John Everson ("Everson") is scheduled for jury trial beginning October 3, 2022.[1] The government has previously filed pretrial Motions in Limine, Notice Pursuant to Rule 404(b), and Notice of Summary Expert Testimony. See Dkts. 74, 77, 78.

**I.  CHARGES IN INDICTMENT**

On December 12, 2018, a grand jury sitting in Toledo, Ohio, returned an Indictment charging Defendant with four counts of tax evasion, in violation of 26 U.S.C. § 7201, relating to tax years 2012, 2013, 2014, and 2015. Dkt. 1.

Title 26, United States Code, Section 7201 proscribes a single crime – tax evasion – which can be committed in two distinct matters: (a) the willful attempt to evade or defeat the assessment of a tax and (b) the willful attempt to evade or defeat the payment of a tax. See

---

[1] Defendant was represented by two different attorneys who eventually withdrew as defense counsel. See Dkts. 19, 35. At a hearing on September 27, 2021, the Court granted Defendant's request to proceed pro se, but appointed standby counsel. Dkt. 35. Stand-by counsel has recently advised that he will resume Defendant's representation.

United States v. Mal, 942 F.2d 682, 686-88 (9th Cir. 1991); United States v. Dunkel, 900 F.2d 105, 107 (7th Cir. 1990); United States v. Masat, 896 F.2d 88, 91 (5th Cir. 1990).  A defendant attempting to evade assessment generally attempts to prevent the government from *determining* his true tax liability.  A defendant attempting to evade payment generally hides assets and income from the government to avoid having to *pay* his true tax liability.  See United States v. Hogan, 861 F.2d 312, 315 (1st Cir. 1988); United States v. Dack, 747 F.2d 1172, 1174 (7th Cir. 1984).  This is a case involving an attempt to evade the assessment of taxes.

The elements of the crime of evasion of assessment, as charged in Count One through Four of the Indictment, are as follows:

(1) The defendant committed an affirmative act constituting an attempt to evade or defeat the payment of a tax;

(2) There was an additional tax due and owing from the defendant to the United States; and

(3) The defendant acted willfully.

United States v. DeNiro, 392 F.2d 753, 758 (6th Cir. 1968) (quoting Sansone v. United States, 380 U.S. 343, 351 (1965)).

The general rule is that "any conduct, the likely effect of which would be to mislead or to conceal" for tax evasion purposes constitutes an affirmative act.  Spies v. United States, 317 U.S. 492, 499 (1943) (emphasis added).  The Supreme Court "by way of illustration, and not by way of limitation," set out examples of what can constitute an "affirmative willful attempt" to evade such as:  keeping a double set of books, making false entries or alterations, or false invoices or documents, destruction of books or records, concealment of assets or covering up sources of income, handling of one's affairs to avoid making the records usual in transactions of the kind,

2

and any conduct, the likely effect of which would be to mislead or to conceal. Id.; see also United States v. Middleton, 246 F.3d 825, 834, 842-44 (6th Cir. 2001).

Even an activity that would otherwise be legal can constitute an affirmative act supporting a Section 7201 conviction, so long as it is carried out with the intent to evade tax. United States v. Jungles, 903 F.2d 468, 474 (7th Cir. 1990); United States v. Conley, 826 F.3d 551 (7th Cir. 1987). Moreover, although the Government must prove some affirmative act constituting an attempt to evade, it need not prove each act alleged as set forth in the indictment. United States v. Mackey, 571 F.2d 376, 387 (7th Cir. 1978).

In order to prove tax evasion, the Government must prove that Defendant actually owed additional taxes. But proof at trial need not include a precise amount of unreported income or tax due but is sufficient if it shows that the amount of tax due was "substantial." United States v. Citron, 783 F.2d 307 (2d Cir. 1986); see also United States v. D'Anna, 450 F.2d 1201, 1204 (2d Cir. 1971) (variance between amounts of tax due as alleged in indictment and amounts proven at trial not fatal where actual gross receipts were greater than those amounts alleged in the indictment); United States v. Eley, 314 F.2d 127, 129-30 (7th Cir. 1963) (no fatal variance where proof at trial showed defendant to have had an even larger adjusted gross income for each of the years than set out in the indictment); accord United States v. Stierhoff, 500 F. Supp. 2d 55, 61-62 (D.R.I. 2007)

To prove willfulness the Government must prove a voluntary, intentional violation of a known legal duty. Cheek v. United States, 498 U.S. 192, 200 (1991). Willfulness is determined by a subjective standard; thus, defendants are not required to have been objectively reasonable in their misunderstanding of their legal duties or belief that they were in compliance with the law. Cheek, 498 U.S. at 203; United States v. Powell, 955 F.2d 1206, 1211 (9th Cir. 1992); United

3

States v. Regan, 937 F.2d 823, 826 (2d Cir. 1991), amended by 946 F.2d 188 (2d Cir. 1992); United States v. Whiteside, 810 F.2d 1306, 1311 (5th Cir. 1987). The inquiry, therefore, must focus on the knowledge of each defendant, not on the knowledge of a reasonable person.

Absent an admission or confession, which is seldom available, or accomplice testimony, willfulness is rarely subject to direct proof and must generally be inferred from circumstantial evidence based on the defendant's acts or conduct. United States v. Guidry, 199 F.3d 1150, 1156-1158 (10th Cir. 1999); United States v. Kim, 884 F.2d 189, 192 (5th Cir. 1989). Willfulness may be inferred from various types of evidence, including, but not limited to:

- A consistent pattern of underreporting large amounts of income. Kim, 884 F.2d at 192; United States v. Chesson, 933 F.2d 298, 304 (5th Cir. 1991); United States v. Koskerides, 877 F.2d 1129, 1138 (2d Cir. 1989).

- The extensive use of cash. Daniel, 956 F.2d at 543;

- Evidence of prior and subsequent similar acts reasonably close to the prosecution years can also be demonstrative of willfulness. Middleton, 246 F.3d at 836-37;

- Proof that knowledgeable persons warned defendant of tax improprieties. United States v. Collorafi, 876 F.2d 303, 304-05 (2d Cir. 1989) (finding error in trial court's exclusion of evidence about prior civil court proceedings where court had found defendant's arguments about his tax liabilities wholly without merit).

## II.  ANTICIPATED EVIDENTIARY ISSUES AT TRIAL

### A. Defendant's Self-Serving Hearsay

Self-serving hearsay is not admissible. If Defendant chooses—as is his right—not to take the witness stand, he may not attempt to use another witness to put his own statements into

4

evidence. Although the government is permitted to admit Defendant's out-of-court statements,[2] Defendant is not permitted to admit his own out-of-court statements because Rule 801(d)(2) only applies when the statements are offered against the defendant. United States v. Henderson, 626 F.2d 326, 344 (6th Cir. 2010) (permitting government to offer audio recordings of prison telephone conversations between defendant and others under Rule 801(d)(2) but concluding that "Henderson could not take advantage of this hearsay exclusion to introduce his own out-of-court statements."); United States v. Wilkerson, 84 F.3d 692, 696 (4th Cir. 1996) (holding that the Federal Rules of Evidence "do not . . . provide an exception for self-serving, exculpatory statements made by a party which are being sought for admission by that same party).

    **B. Statements by Pro Se Defendant or Defendant's Counsel**

If Defendant is represented by his stand-by counsel for the duration of trial, counsel's statements are not evidence, and may not be used to express Defendant's sentiments or beliefs to the jury if they are not already properly in evidence. Evidence in a trial includes only the testimony of witnesses and the admitted exhibits, and nothing else. Pattern Crim. Jury Inst. 6th Cir. 1.04(2016). Lawyers' statements and arguments are not evidence, and thus juries are "bound by [their] oath not to let them influence [their] decision in any way." Id.; see United States v. Vining, 224 F. App'x 487, 496-97 (6th Cir. 2007); United States v. Singer, 482 F.2d 394 (6th Cir 1973); Herring v. New York, 422 U.S. 853, 858 (1975). Even if Defendant were to authorize counsel to make a statement on his behalf, defense counsel may not make testimonial statements by his client during opening or closing argument. Alaniz v. Zamora-Quezada, 591

---

[2] The government intends to offer evidence of Defendant's out-of-court oral and written statements. Pursuant to Federal Rule of Evidence 801(d)(2), such statements are not hearsay because they constitute admissions of a party opponent. Courts have held that a wide variety of oral and written statements are admissible under this rule.

5

F.3d 761, 770 (5th Cir. 2009) ("It is a particularly indefensible tactic to use closing arguments to bring before the jury damaging facts not in evidence and never established." (citation and internal quotation marks omitted).

In that same vein, if Defendant proceeds pro se for any part of the trial, he may not attempt to make factual assertions about his own actions and intentions if they were not adduced into evidence. United States v. McCaskill, 202 Fed. Appx. 70, 74 (6th Cir. 2006) (defendant who "repeatedly made factual assertions during his closing argument about his own actions and intentions . . . not supported by the evidence adduced at trial" gave an "improper closing argument"). This axiomatic principle is reflected in the government's proposed jury instruction advising that if Defendant proceeds pro se for any part of the trial, his questions of witnesses, objections, and opening/closing statements are not evidence for the jury to consider. 8th Cir. Pattern Jury Instr. § 2.22 and 3rd Cir. Model Jury Instr. §1.18.

C. Tax Records

Defendant's corporate, individual, and employment tax returns, as well as IRS transcripts, Forms W-2/1099, and other related information, all kept in the normal course of the IRS's regularly conducted business activities, and constituting official records, will be admitted through an IRS custodian of records, Service Center Court Witness Coordinator Salvatore Hazel. Such records will be admitted to show Defendant's filing history—that is, that he has not filed federal individual income tax returns since 1998—as well as the filing history (or lack thereof) for other entities associated with Defendant.

These documents, including IRS computer printout transcripts, are routinely admitted by federal courts as a matter of course not only to show relevant business records and official tax information, but as presumptive proof of taxpayer information. United States v. Spine, 945 F.2d 143 (6th Cir. 1991); United States v. Ryan, 969 F.2d 238 (7th Cir. 1992) (trial court's decision to

6

admit IRS computer printouts will be reversed only for abuse of discretion); United States v. Farris, 517 F.2d 226, 227-29 (7th Cir. 1975) (IRS certified computer records admissible as self-authenticating documents under Fed. R. Evid. 902(4)); United States v. Neff, 615 F.2d 1235, 1241-42 (9th Cir. 1980); United States v. Yakobov, 712 F.2d 20, 27 (2d Cir. 1983).

Likewise, Forms 3050, "Certifications of Lack of Record," are also routinely admitted. Fed. R. Evid. 803(7) (hearsay exception for absence of record of a regularly conducted activity); accord United States v. Daraio, 445 F.3d 253, 256 (3rd Cir. 2006); United States v. Nordbrock, 952 F.3d 408 (9th Cir. 1992); United States v. Edgar, 82 F.3d 499, 509 (1st Cir. 1996).

### D. Records of Defendant's Pre-and Post-Indictment Tax History

As set forth in the Government's Rule 404(b) notice, the Government will seek to introduce evidence of Defendant's tax misconduct both before the prosecution years charged in the Indictment (2012-2015), and after the prosecution years. The Government views this evidence as intrinsic to the crimes charged because in order to understand Defendant's crimes, you have to understand Defendant's tax filing history and course of dealing with clients of his electrical engineering business. Defendant hasn't filed tax returns since the late 1990's, despite having earned significant income from the same institution (Honeywell) for numerous years before and after the years charged in the Indictment. Defendant worked with Honeywell for nearly two decades. Early on in his time there, he laid the groundwork for the crimes he committed with respect to the 2012 to 2015 tax years. Explaining the evidence relating to the 2012 to 2015 tax years necessarily involves discussion of the earlier years, when Defendant engaged in the same conduct. As early as 2004, Defendant designed his arrangement with Honeywell to avoid the issuance of a Form 1099—which would have been filed with the IRS—and obscure his income behind the Sozo Services trust. He could then avoid filing individual income tax returns in each of the years, and attempt to avoid detection by the IRS.

But even if the evidence of Defendant's earlier and later-year dealings with Honeywell—and related failure to file tax returns during the entirety of his work with Honeywell—aren't considered intrinsic to the charged crimes, they are admissible under Federal Rule of Evidence 404(b). The evidence is not being used to show Defendant's propensity for crimes. Rather, it will be offered to show that Defendant's tax fraud during the prosecution years was no mistake, but part of a pattern, clearly evidencing his intent and willfulness, in committing the crimes charged in the Indictment. See Fed. R. Evid. 404(b).

Evidence of a defendant's prior filing of tax returns and tax misconduct, as well as misconduct after the prosecution years, is routinely admitted in tax cases to prove willfulness. See, e.g., United States v. Middleton, 246 F.3d 825, 836-837 (6th Cir. 2001) ("It is well-settled that previously filed tax returns or other proof of prior taxpayer history is admissible, pursuant to FED.R.EVID. 404(b), to establish a defendant's knowledge of a legal duty to pay taxes"); United States v. Bok, 156 F.3d 157, 165 (2d Cir. 1998) ("[A] defendant's past taxpaying record is admissible to prove willfulness circumstantially."); Matthews v. United States, 407 F.2d 1371, 1381 (5th Cir. 1969); United States v. Johnson, 386 F.2d 630, 631 (3d Cir. 1967). This is because willfulness is a specific intent crime, and courts recognize that such intent almost always must be proven through circumstantial evidence.

E. **Records of Regularly-Conducted Activity (Business Records) and Public Records**

The government intends to offer records of regularly conducted activity, also known as business records, which are admissible under Federal Rule of Evidence 803(6). These records include, but are not limited to, documents produced by financial institutions, Defendant's institutional clients, and other businesses. The government previously provided notice, in its Motions in Limine, Dkt. 74, of its intent to offer many of these records as self-authenticating pursuant to Federal Rules of Evidence 902(11) and 803(6), and provided copies of several of the

8

relevant certificates. In an effort to streamline its presentation of evidence, the government expects to obtain a few more such certificates before trial and continue to provide notice of each.

The government also intends to offer public records pursuant to Federal Rule of Evidence 803(8). Specifically, the government may offer public records relating to the transfer of title for Defendant's home and surrounding land. The government may present certified copies of these records pursuant to Federal Rule of Evidence 902(4), or seek to authenticate through witness testimony.

### F. Rule 1006 Summaries and Demonstratives

To present the evidence in an efficient and organized manner, the government intends to use several types of charts and demonstratives. The Sixth Circuit has recognized three different categories of these types of aids: (1) summaries admissible pursuant to Federal Rule of Evidence 1006, used "to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court"; (2) pedagogical devices; and (3) "secondary-evidence summaries," which are a hybrid of 1006 summaries and pedagogical devices, and "are admitted in evidence not in lieu of the evidence they summarize but in addition thereto." See United States v. Bray, 139 F.3d 1104, 1112 (6th Cir. 1998).

The government may use all three types of aids in this trial. In accordance with Sixth Circuit precedent, the government may offer into evidence 1006 summaries and secondary-evidence summaries, but not any pedagogical devices used purely for illustration. The summary charts will be introduced during the testimony of Revenue Agent Chris Cummins, the summary witness who will supervise the preparation of the charts. See Bray, 139 F.3d at 1110 ("In order to lay a proper foundation for a summary, the proponent should present the testimony of the witness who supervised its preparation."). The government will provide the summary charts to Defendant once they are prepared. The records underlying the summary charts were provided to

Defendant in discovery.  See Fed. R. Evid. 1006 (requiring the proponent of the summary to make the underlying documents available to the opposing party).

                                              Respectfully submitted,

                                              MICHELLE M. BAEPPLER
                                              First Assistant United States Attorney

By:   /s/ Jody L. King
        Jody L. King (OH: 0094125)
        Assistant United States Attorney
        Four Seagate, Suite 308
        Toledo, OH 43604
        (419) 241-0718
        (419) 259-6360 (facsimile)
        Jody.King@usdoj.gov

        Sarah C. Ranney (NY: 5050919)
        Trial Attorney
        Department of Justice, Tax Division
        Criminal Enforcement Section-Northern
        150 M Street NE
        Washington, DC 20002
        (202) 514-5616
        Sarah.C.Ranney@usdoj.gov