UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


United States of America,                                     Case No. 3:18-cr-727

                    Plaintiff,

        v.                                                    MEMORANDUM OPINION
                                                                    AND ORDER

John M. Everson,

                    Defendant.


## I.    INTRODUCTION AND BACKGROUND

On December 12, 2018, Defendant John M. Everson was charged by indictment with four

counts of tax evasion, in violation of 26 U.S.C. § 7201.  (Doc. No. 1).  Everson proceeded to trial

before a jury and was found not guilty on Count 1, a charge related to the 2012 tax year, and found

guilty on Counts 2 through 4, charges related to the 2013 through 2015 tax years.  (*See* Doc. No.

103).

At various points in this case, including at trial, Everson was represented by counsel.

Following the jury's verdict, Everson discharged his attorney and filed a motion for judgment of

acquittal and a motion to vacate his conviction and to grant a new trial.[1]  (Doc. Nos. 107 and 108).

The government filed a brief in opposition to Everson's motions.  (Doc. No. 109).  I denied the

_____

[1]  I previously granted a brief extension of the filing deadline for both motions, (*see* Doc. No. 106),
and, therefore, both motions were timely filed.

motion on January 10, 2023, and the Clerk's office mailed a copy of my decision on the same date. (Doc. No. 110); (non-document entry dated January 10, 2023).

A few months later, around the beginning of March 2023, Everson notified my chambers that he did not receive a copy of the government's opposition brief and, therefore, did not realize his deadline to file a reply brief had been triggered.  (*See* non-document order dated March 3, 2023). The government confirmed it mistakenly had failed to serve a copy of its brief on Everson.  I then granted Everson a 45-day extension to file a reply brief in support of his motions.  Everson subsequently filed a motion to vacate my decision due to the government's failure of service, (Doc. No. 118), and later filed his reply brief as permitted by my order.  (Doc. No. 119).

For the reasons stated below, I deny Everson's motion to vacate, reject his arguments as stated in his reply brief, and affirm my earlier decision denying his motion for acquittal and his motion to vacate the jury's verdict and for a new trial.

## II.    STANDARD

As I previously stated, (Doc. No. 110 at 2), a defendant may move for "a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction.  Fed. R. Crim. P. 29(a).  *See also* Fed. R. Crim. P. 29(c) (permitting defendant to renew a Rule 29 motion within 14 days after a guilty verdict).  Rule 29 "requires the court to view the evidence in a light most favorable to the prosecution," and "asks whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  *United States v. Mallory*, 902 F.3d 584, 596 (6th Cir. 2018) (quoting *Jackson v. Virginia*, 443 U.S. 307, 317 (1979)) (further citation omitted) (emphasis in *Jackson*).

Rule 33 permits a defendant to move a court to vacate a judgment and "grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a). A Rule 33 "motion calls on the trial judge to take on the role of a thirteenth juror, weighing evidence[,] and making credibility determinations

2

firsthand to ensure there is not a miscarriage of justice." *Mallory*, 902 F.3d at 596.  A district court

"should exercise [its] discretion [to grant a Rule 33 motion] only in the extraordinary circumstances

where the evidence preponderates heavily against the verdict." *United States v. Ashworth*, 836 F.2d

260, 266 (6th Cir. 1988) (quoting *United States v. Turner*, 490 F. Supp. 583, 593 (E.D. Mich. 1979)).

### III.    ANALYSIS

#### A.    MOTION TO VACATE

Everson first moves to vacate my January 10, 2023 Memorandum Opinion and Order,

arguing it was issued in violation of his procedural due process rights.  (Doc. No. 118).  While the

government has conceded it erred by not serving Everson with a copy of its opposition, Everson

has not shown this error led to a violation of his rights.  To start, Everson had "notice and an

opportunity to be heard" on those issues before me, as he was the first to raise those issues in his

Rule 29 and Rule 33 motions.  (Doc. No. 118 at 1).  He has not cited to any case in which a court

has held a party has a constitutional right to file a reply brief in support of the party's own motion.

And, notwithstanding the absence of a constitutional right to file a reply brief, I provided Everson

with a significant opportunity by granting him 45 days in which to file his reply brief after he

notified my chambers of the failure of service, rather than the 14 days customarily provided for such

filings.

I conclude Everson fails to show his procedural due process rights have been violated.

Further, as discussed below, I conclude he fails to establish he is entitled to relief under Rule 29 or

Rule 33.  Therefore, I deny his motion to vacate and reaffirm my earlier ruling.

#### B.  RULE 29 AND 33 MOTIONS

For the sake of completeness, I restate the Analysis section of my January 10, 2023

Memorandum Opinion and Order:

> Everson argues the government did not present sufficient evidence to sustain a
> conviction because: (1) the government did not present the jury with the specific

section of the Internal Revenue Code which imposed an income tax on him; (2) the evidence showed "the IRS's acquiescence to [the] non-existence of a legal duty" to pay taxes; (3) the government could not show he owed tax which he did not pay without first identifying the specific section of the Internal Revenue Code imposed a tax on him; (4) the government did not prove he was a "person" as defined by federal law; and (5) the government could not prove he undertook an affirmative act to avoid pay tax he owed without first disproving his assertion that he is exempt from taxation. (Doc. No. 107 at 4-5, 6, 8, 9).

He also argues the judgment of conviction must be vacated because (1) his due process rights were violated when the government failed to identify the specific section of the Internal Revenue Code which subjected him to a tax; (2) he was denied due process and his right to trial by jury because the jury was not required to find he is a "person" subject to federal income tax; (3) he was denied due process when I ruled he could not present his interpretations of federal case law to the jury. (Doc. No. 108 at 2-6, 6-9).

I already have concluded Everson's arguments lack any legal basis. Federal law imposes an income tax on "'every element of gross income.'" (Doc. No. 71 at 1) (quoting *HCSC-Laundry v. United States*, 450 U.S. 1, 5 (1981)). Everson is a "person" within the meaning of federal tax law. (Doc. No. 62 at 3). The IRS's refusal to provide Everson with a signed affidavit disputing his legal theories does not estop the government from assessing income tax or from prosecuting Everson for tax evasion. (Doc. No. 71 at 4). Everson was not entitled to present his "'views about the validity of the tax statutes'" to the jury. (*Id.* at 3 (quoting *Cheek v. United States*, 498 U.S. 192, 206 (1991)).

Further, Everson has not cited to any case in which a court accepted his theories as a basis to overturn a jury's verdict of guilt. Therefore, I once again reject Everson's arguments.

Moreover, Everson's implication that I denied him the right to present his good-faith-belief defense is flatly untrue. (*See* Doc. No. 108 at 1-2). While I did not permit Everson to present his legal interpretation of federal case law, I gave the jury a lengthy instruction on the defense of good faith misunderstanding or belief, at his request and over the government's objection. (*See* Doc. No. 101 at 17-19). I emphasized the jury had to make their "decision based upon what the evidence establishe[d] the defendant actually believed and not upon what [they] (or someone else) believe or think the defendant ought to believe." (*Id.* at 18).

I conclude Everson fails to show no reasonable juror could have found the essential elements of the offenses for which he was convicted beyond a reasonable doubt based upon the evidence presented at trial. Further, I conclude Everson fails to establish that the interest of justice requires that I vacate the jury's verdict.

(Doc. No. 110 at 2-4).

Everson's reply brief reads, in many ways, like a motion for reconsideration. This is

understandable, given the unusual circumstances. Generally, I consider Everson's arguments

4

in light of the standard set forth in Rules 29 and 33; I do not apply the higher standard or error applicable to motions for reconsideration.  But I do not find Everson's arguments persuasive and I reaffirm my denial of his Rule 29 and Rule 33 motions.

In his reply brief, Everson argues the judgment against him is "void *ab initio*," (Doc. No. 119 at 1), because (1) the government failed to establish he had a duty to pay federal income tax; (2) the indictment did not properly identify the precise statute subjecting him to federal income tax and therefore was deficient; (3) this court lacks jurisdiction to hear the charges against him; (4) his rights were violated when I ruled he could not provide the jury with his interpretation of certain holdings of the United States Supreme Court; and, (5) he is not a "person" who may be charged with violating § 7201.  (*Id.* at 2-3, 5-6, and 18).

Yet, once again "Everson has not cited to any case in which a court accepted his theories as a basis to overturn a jury's verdict of guilt."  (Doc. No. 110 at 3).  Everson's disagreement with my legal rulings and the jury's decision does not entitle him to relief under either Rule 29 or Rule 33.

There is one category of arguments Everson makes in his reply brief that I do not consider at all.  Everson devotes a substantial amount of his reply brief arguing that the appointed attorney who represented him at trial was incompetent.[2]  (*See, e.g.,* Doc. No. 119 at 7-9, 16-17).  But it is well-established that a party may not raise new claims or arguments, including claims for ineffective assistance of counsel, for the first time in a reply brief.  *United States v. Anderson*, No. 1:16-CR-123, 2020 WL 1531275, at *3 (N.D. Ohio Mar. 31, 2020) (citing cases for the holding that defendant waives ineffective assistance of counsel claim by

---

[2]  Everson also offers the new argument that "certain individuals in the executive branch and . . . certain individuals in the judicial branch" have committed "institutional fraud" and "the offense of treason" by refusing to accept Everson's arguments regarding jurisdiction and the "unconstitutional exaction of the wealth of People of these several States" and allowing Everson to stand trial.  (Doc. No. 119 at 17).

raising it for the first time in reply brief). *See also United States v. Adams*, 598 F. App'x 425, 429 (6th Cir. 2015) ("'We have held that the appellant cannot raise new issues in a reply brief; he can only respond to arguments raised for the first time in appellee's brief.'") (quoting *United States v. Campbell,* 279 F.3d 392, 401 (6th Cir. 2002)) (further citation and internal quotation marks omitted); *Selby v. Schroeder*, 522 F. Supp. 3d 388, 402 n.8 (M.D. Tenn. 2021) ("Generally speaking, arguments raised for the first time in reply briefs are waived.") (citations and internal quotation marks omitted). I conclude Everson has waived these new arguments as a basis for his Rule 29 and Rule 33 motions by failing to include them in his initial motions and raising them for the first time in his reply brief.

## IV. CONCLUSION

For the reasons set forth above, I deny Everson's Rule 29 and Rule 33 motions. (Doc. Nos. 107 and 108).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
