UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,            Case No. 3:18-cr-727

       Plaintiff,

  v.                                       MEMORANDUM OPINION
                                               AND ORDER

John Everson,

       Defendant.

### I. INTRODUCTION AND BACKGROUND

On December 12, 2018, Defendant John M. Everson was charged by indictment with four counts of tax evasion, in violation of 26 U.S.C. § 7201. (Doc. No. 1). Everson proceeded to trial before a jury. On October 6, 2022, Everson was found not guilty on Count 1, a charge related to the 2012 tax year, and found guilty on Counts 2 through 4, charges related to the 2013 through 2015 tax years. (*See* Doc. No. 103).

Everson, proceeding *pro se*, filed a Rule 29 motion for judgment of acquittal and a Rule 33 motion for a new trial. (Doc. Nos. 107 and 108). I denied those motions. (Doc. Nos. 110 and 121). (*See also* non-document entry dated March 3, 2023). Everson twice moved to continue his sentence hearing, while also filing a petition for a writ of coram nobis. (Doc. Nos. 125, 127 and 134). I granted Everson's first motion to continue, denied his petition for the writ, and denied his second motion to vacate his sentencing hearing. (*See* non-document entry dated July 6, 2023; Doc. No. 135). Subsequently, on August 29, 2023, I sentenced Everson to a total of 30 months in prison and 2 years of supervised release. (Doc. No. 137).

Everson now moves for a stay of the execution of his sentence pending appeal. (Doc. No. 140). The government opposes Everson's motion. (Doc. No. 141). Everson has filed a brief in reply. (Doc. No. 143). For the reasons stated below, I deny the motion.

## II. DISCUSSION

Section 3143 provides, except for in limited circumstances not relevant to this case, "the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>
>> (i) reversal,
>>
>> (ii) an order for a new trial,
>>
>> (iii) a sentence that does not include a term of imprisonment, or
>>
>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).

The government does not contend there is evidence Everson is likely to flee or poses a danger to the safety of any person or the community. It argues I should deny Everson's motion because he has not raised a substantial question of law or fact. "[A]n appeal raises a substantial question when the appeal presents a 'close question or one that could go either way' and that the question 'is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor.'" *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985) (quoting *United States v. Powell*, 761 F.2d 1227, 1233-34 (8th Cir. 1985) (en banc)).

Everson argues he should not be detained and his sentence should be stayed because "[t]he record is absent of the applicable revenue law that subjected John Michael to a tax and imposed a duty upon him to return a tax to the federal government," and also that "[t]he government failed to carry its burden of proof at trial of the applicable revenue law that imposed a duty upon John Michael." (Doc. No. 140 at 2). I have repeatedly rejected these arguments. (*See* Doc. No. 121 at 3-4; Doc. No. 135 at 3 and at n.1). Everson's continued disagreements with my rulings do not establish these issues as close questions.

Everson also argues his appeal is likely to result in reversal because "[t]he court has reasonable knowledge that it was not competent to exercise subject-matter jurisdiction." (Doc. No. 140 at 5). But not only have I previously rejected this argument, the United States Court of Appeals for the Sixth Circuit has as well. *See United States v. Everson*, Case No. 22-3450, Doc. No. 3-2 at 2 ("'Efforts to argue that federal jurisdiction does not encompass prosecutions for federal tax evasion have been rejected as either "silly" or "frivolous" by a myriad of courts throughout the nation,' . . . and do not require further analysis here.") (quoting *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) and *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990), *superseded by statute on other grounds as stated in Lewis v. C.I.R.*, 523 F.3d 1272 (10th Cir. 2008)). Everson has not shown he is likely to obtain a different outcome and therefore, I conclude he fails to carry his burden under § 3143(b)(1).

Lastly, Everson argues his sentence should be stayed because (1) he allegedly received ineffective assistance of counsel from his appointed trial attorney, (2) the Sixth Circuit has not yet appointed new counsel to represent him on appeal, (3) any newly appointed counsel will be at a disadvantage due to lack of familiarity with the record and also will be unlikely to raise every issue Everson intends to raise on appeal "for fear of repercussion against his livelihood as an attorney," and (4) Everson's ability to represent himself on appeal will be severely limited if he is incarcerated. (Doc. No. 140 at 4-5).

As the government notes, defendants are not deprived of their right to the effective assistance of counsel when their attorneys refuse to take actions or offer motions with "no chance of success." *United States v. Carter*, 355 F.3d 920, 924 (6th Cir. 2004). Everson claims trial counsel was ineffective because he failed to argue to the jury that Everson was not subject to federal income tax laws and failed to object to the government's argument that Everson's use of a trust violated the tax laws. (Doc. No. 140 at 3-4). I already have rejected these arguments, concluding they do not contain a substantial question of law or fact, and thus these arguments do not provide a colorable basis for a claim of ineffective assistance. Further, Everson's prospective equitable arguments about appellate counsel and his ability to represent himself do not satisfy the requirements of § 3143(b)(1). Therefore, I deny his motion on this basis as well.

### III. CONCLUSION

For the reasons set forth above, I deny Everson's motion, (Doc. No. 140), and reaffirm his self-surrender date of October 17, 2023.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge